# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1986

_____

| | | |
|---|---|---|
| John A. Lamb, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Missouri Department of Corrections; | * | Appeal from the United States |
| | * | District Court for the |
| Defendant, | * | Western District of Missouri. |
| | * | |
| Dave Dormire; David Corum; Roger | * | [UNPUBLISHED] |
| Sutton, | * | |
| | * | |
| Appellees, | * | |
| | * | |
| Elrod, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Warren Cressey, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| Gillian, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Tom Wulff; Joann Prater; Claudin | * | |
| Miller; Dwayne Kempker, Functional | * | |
| Unit Manager; Andrea Galbreath; | * | |
| Arthur Woods; Charles Verdugo, Case | * | |

Worker; Walter Friesen; Tanya      *
Kempker; George King; William      *
Green, Detective; Donald Owens;      *
Malone; Walling; John Gilliam; Stanley *
Keely; Sam Plaster; Paula Huffman      *
Phillips, previously filed as Paula      *
Humphreys Phillips; J. Brown,      *
Mailroom Clerk,      *
     *
       Appellees.      *

_____

Submitted: November 7, 2005
Filed: November 18, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate John A. Lamb appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Lamb sued multiple officials and employees at the Jefferson City Correctional Center (JCCC), claiming due process and First Amendment violations based on alleged confiscation of his religious books, and on his placement in administrative segregation allegedly in retaliation for his religious beliefs.

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

Initially, we reject Lamb's unsupported contention that the district court's conclusions were improperly based on adverse credibility findings, and for the following reasons, we agree with the district court that Lamb failed to create any trialworthy issues. See Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 982 (8th Cir.) (de novo standard of review), cert. denied, 125 S. Ct. 501 (2004).

First, evidence that Lamb himself filed with the district court showed that the books necessary for him to practice his religion (Wotanism) are the "Poetic Edda" and a book on how to use "runes" (religious symbols), and there was no admissible evidence establishing that such books had been confiscated from Lamb at JCCC. See Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997) (person claiming that governmental action violates his right to practice his religion, must show that action at issue substantially burdens his sincerely held religious belief). Second, we agree with the district court that any due process claim based on the deprivation of Lamb's books should be brought in state court. See DeArmon v. Burgess, 388 F.3d 609, 613 (8th Cir. 2004). Finally, the district court properly concluded that Lamb's retaliation claim failed, because there was some evidence supporting the decisions to assign Lamb to administrative segregation. See Moore v. Plaster, 313 F.3d 442, 444 (8th Cir. 2002) (per curiam), cert. dismissed, 539 U.S. 901 (2003).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____